EUGENE C. ADAMS v. BANK OF MEADVILLE.

[48 South. 831.]

RECEIVERS. *Attaching creditors. Priority.*

Where an attaching creditor, after judgment in his favor, moved the chancery court for an order directing its receiver, having custody of the attached and other property of the defendant, to pay his debt or release the property attached, it was not error to deny his motion, in the absence of all evidence touching liens thereon in favor of other creditors, although the attachment was levied before the receiver was appointed.

FROM the chancery court of Franklin county.

HON. J. S. HICKS, Chancellor.

Adams, the appellant, was complainant in the court below and the Bank of Meadville, appellee, was defendant there. From a decree in favor of defendant complainant appealed to the supreme court. The opinion states the facts.

*McKnight & McKnight,* counsel for appellant. Appellant's application for an order directing the receiver either to make settlement or to release the property levied on, should have been granted by the court below. The appointment of the receiver was illegal because made before the suit was begun. The decree appointing the receiver was signed by the learned chancellor at about 7 o'clock on the afternoon of February 16, 1908. If the

signing of such decree constitutes the appointment of a receiver, then such appointment was void inasmuch as the case was not pending in court. *Hardy v. McClellan,* 53 Miss. 511; *Barker v. Vanier,* 71 Miss. 726; *Presley v. Harrison,* 102 Ind. 14; Beach on Receivers, § 17; *Smith v. Drygoods Co.,* 79 Miss. 276, 30 South. 653.

If the appointment of the receiver was to become effective from the filing of the order of appointment, after the filing of the bill, as directed by the chancellor, then, since said decree of appointment was entered at 6 o'clock on the morning of February 17, such appointment was made two hours subsequently to the levy of the attachment which had been made at 4 o'clock on the morning of that day. It follows therefore that the levy of the attachment was prior to the appointment of the receiver.

No counsel appeared for the appellee.

FLETCHER, J., delivered the opinion of the court.

Appellant, a creditor of the Bank of Meadville, a failing institution, sued out an attachment against the bank and levied on certain property here in controversy. This attachment was levied at 4 o'clock on the morning of February 17. At 11 o'clock on the evening of February 16th a bill had been filed against the bank by Mrs. Norma M. Hardy, praying among other things for the appointment of a receiver. The decree appointing a receiver was filed at 6 o'clock on the morning of February 17th, and the receiver so appointed took charge of the property in controversy. By leave of the chancery court in which the receivership proceedings are pending, the plaintiff in attachment prosecuted his suit to final judgment. Thereupon Adams applied to the chancery court for an order directing the receiver to pay his debt, or in default thereof to release the property levied on, that a sufficiency thereof might be sold to satisfy his judgment. This application was denied by the chancery court, and Adams appealed.

Appellant contends in the first place that he should prevail, for the reason that the appointment of the receiver was illegal, because made before the suit was begun. This contention is disposed of in the case of *Bank of Meadville v. Hardy, ante,* p. 587, 48 South. 731, in which case the validity of this precise appointment is upheld upon grounds fully set forth in the opinion in that case. In the second place, it is insisted that appellant should prevail because his attachment was levied before the decree appointing the receiver was filed, and that for this reason his right to subject the property is superior to the receiver's right to possession. It is sufficient to say that on this meagre record we cannot say that the chancellor was wrong. There is no showing here as to the prior right of the attaching creditor. For all we can tell from this record, this very property may be subject to mortgages, attachments, or other liens which are prior in time or superior in right to the claim of appellant. We cannot know what consideration controlled the chancellor in denying the application. We can only say now that this case must be developed further on the proof before we are called upon to decide between this creditor and others in respect to property the true status of which is left in doubt.

*Affirmed and remanded.*